UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODIS CHAPMAN, ) <br> PATRICK NELSON, ) <br> and A CLASS OF UNKNOWN ) <br> PERSONS SIMILARLY SITUATED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AFSCME COUNCIL 31, LOCAL 3477, ) <br> and UNKNOWN PERSONS, ) <br> ) <br> Defendants. ) | No. 1:17-cv-08125 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Susan E. Cox |

**MEMORANDUM IN SUPPORT OF AFSCME DEFENDANTS'
MOTION TO STRIKE AND DISMISS**

Defendants AFSCME Council 31 and AFSCME Local 3477 (collectively, "the AFSCME Defendants") submit this memorandum in support of their Motion to Strike and Dismiss the Complaint of Plaintiffs Theodis Chapman and Patrick Nelson (hereinafter "Plaintiffs").

**INTRODUCTION**

Plaintiffs in this case are two of the four named Plaintiffs in *Jordan et al. v. Chief Judge of the Circuit Court of Cook County, Illinois et al.*, No. 1-15-cv-05907 ("*Jordan v. Chief Judge*" or "*Jordan*"). *Jordan v. Chief Judge*, currently pending before Judge Ellis,

involves allegations that the Chief Judge of the Circuit Court of Cook County ("Chief Judge" or "Employer") discriminated against a putative class of African-American Cook County Juvenile Probation Officers on the basis of race, especially with respect to matters of discipline. In this case, Plaintiffs seek to hold Defendant labor organizations AFSCME Council 31 and AFSCME Local 3477 liable for failing to protect various individuals from alleged discrimination by the Chief Judge. Plaintiffs make frequent references to *Jordan v. Chief Judge* in their Complaint, and a large percentage of the allegations in the Complaint are copied *verbatim* from the Complaint or Amended Complaint in *Jordan*.

I.  **Plaintiffs' Complaint Should be Dismissed for Failure to Provide a Short and Plain Statement of Their Claims, or Plaintiffs Should be Required to Provide a More Definite Statement**

The large portions of the Complaint that are copied verbatim from the Complaint in *Jordan v. Chief Judge* make it difficult if not impossible to decipher the Complaint. There are some references to "defendant" or "defendants" that could only refer to the defendants in *Jordan*. *See, e.g.*, Cplt., ¶ 11 ("…agents of defendant Chief Judge…."). There are other references to "defendant" or "defendants" that cannot be interpreted with complete certainty (See Section III below), so the AFSCME Defendants cannot tell with complete certainty whether they are reading an allegation directed against them or simply an allegation against the Chief Judge that has been copied from *Jordan v. Chief Judge*.

In addition, the numbered Counts of the Complaint (Cplt., pp. 38-43) are incoherent in that the titles of the Counts do not align with the allegations within the

2

Counts. Count One is titled "Civil Rights Act of 1866, 1870, and Fourteenth Amendment," (Cplt., ¶ 38) but the allegations within the Count appear to seek relief under 42 U.S.C. § 1981. Count Two is titled "42 U.S.C. 1981, 1983," but the allegations within the Count appear to seek relief under 42 U.S.C. § 1983. Count Six is titled "Section 1983 *Monell* Claim Against Cook County…," but the allegations within the Count appear to seek relief against Defendant AFSCME Council 31 under 42 U.S.C. § 1983.

In addition, Plaintiffs' long narratives (especially the first four pages of their Complaint) do not comply with Rule 10(b).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint first must comply with Rule 8(a) by providing 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Ristic v. Machine Zone, Inc*., No. 15-cv-8996, 2016 WL 4987943 at *2 (N.D. Ill. Sept. 19, 2016). Plaintiffs' Complaint does not provide a "short and plain statement" of their claims, so it should be dismissed without prejudice under Rule 12(b)(6). Alternatively, Plaintiffs should be required to provide a more definite statement, under Rule 12(e), that makes it completely clear which allegations are directed at the AFSCME Defendants herein, and that makes it completely clear on what basis they seek relief in each of their Counts.

## II. Plaintiffs' Class Allegations Under Title VII Should be Dismissed for Failure to Exhaust Administrative Remedies

Plaintiffs seek to bring a class action on behalf of "a class of… similarly situated present and past African-American Cook County Juvenile Probation Officers" (Cplt., p. 1). They seek relief under Title VII of the Civil Rights Act of 1964 (Cplt., Count Four, ¶¶ 62-64) and other statutes.

Plaintiffs allege that they filed charges of race discrimination with the EEOC, that the EEOC issued them right-to-sue letters, and that they have met the "administrative prerequisites" to filing suit (Cplt., p. 6, ¶ 4). Accordingly, the AFSCME Defendants have attached Plaintiffs' EEOC charges to their Motion to Strike and Dismiss, and the Court may consider those charges as part of the pleadings, without converting Defendants' motion into a motion for summary judgment. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

Plaintiff Chapman's charge states, in relevant part: "Respondent has failed to represent me and has delayed scheduling an arbitration date for my grievances." (Def. Motion, Ex. 1). Plaintiff Nelson's charge states, in relevant part: "On or around December 10, 2015, the Respondent refused to move forward with the processing of my union grievance." (Def. Motion, Ex. 2). These charges contain no hint of class allegations. Plaintiffs' class allegations under Title VII should therefore be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies. *Scnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir.1989); *Bluford v. Swift Transp.*, No. 11

4

C 6932, 2012 WL 1755772 (N.D. Ill. May 16, 2012) (dismissing class allegations and denying class certification).[1]

Plaintiffs' class claims under Title VII are even farther removed from their EEOC charges than is usually the case when plaintiffs bring a class action based on EEOC charges that seek only individual relief. The majority of Plaintiffs' class claims assert that Defendant Council 31 failed to protect various class members from improper discipline. However, Plaintiffs nowhere allege, either in their charges or their Complaint, that they suffered any discipline. To the contrary: Plaintiffs allege that Plaintiff Chapman "has no history of discipline." (Cplt., ¶ 39). Thus, even if Plaintiffs *had* made class allegations in their EEOC charges, the Title VII class allegations in their Complaint would be subject to dismissal for failure to exhaust administrative remedies. *Metz v. Joe Rizza Imports*, 700 F.Supp.2d 983, 991 (N.D. Ill. 2010) ("While it is clear that Plaintiffs' charges go beyond their individual grievances, their charges do not indicate that women outside of Internet Sales were sexually harassed or compensated in a discriminatory manner.")

Plaintiffs also have not exhausted their administrative remedies as to some of their individual Title VII claims. However, because of the vagueness of Plaintiffs' charges and the vagueness of their Complaint, this cannot be shown merely by comparing the charges and the complaint; Defendants will raise this failure to exhaust at a later stage.

---

[1] Defendants will later move under Rule 23 to deny class certification as to the rest of Plaintiffs' class claims.

5

### III.     Plaintiffs' Entire Complaint Should be Dismissed without Prejudice, as it Alleges no Wrongdoing by Defendants Against Plaintiffs

Plaintiffs make conclusory allegations of wrongdoing by Defendant Council 31 against individuals *other than* Plaintiffs.  They repeatedly allege that Council 31 "failed to protect" individuals other than Plaintiffs from their Employer, the Chief Judge of the Circuit Court of Cook County.  However, in the paragraphs of the Complaint that set forth their own claims (Cplt., ¶¶ 39-50), Plaintiffs allege no wrongdoing whatsoever by Defendants against them; they allege only wrongdoing by the Employer against them.

The only part of Plaintiffs' allegations about themselves that could arguably be read as describing action by the AFSCME Defendants is the following allegation in paragraph 46 of the Complaint:  "Both Mr. Nelson and Mr. Chapman filed grievances with their union claiming that they were denied compensation for time spent doing job-related training out of state, when white probation officers did receive compensation for similar out of state training.  The grievances were denied by the defendants."

However, this allegation is copied *verbatim* from paragraph 45 of the First Amended Complaint (ECF # 30) in *Jordan v. Chief Judge*.  In the *Jordan* case, the allegation that Plaintiffs' grievances were "denied by the defendants" clearly referred to employer defendants; there were and are no union defendants in that case.  Since Plaintiffs often refer to the defendants in *Jordan* as "defendants" in the Complaint, the obvious interpretation of the copied passage in paragraph 46 of the Complaint is that it has the same meaning as in paragraph 45 of the First Amended Complaint in *Jordan*, i.e. that Plaintiffs' grievances were denied by the Employer.  Given the context, this

6

allegation is not sufficient to give notice to the AFSCME Defendants that they are accused of having "denied," or failed to process, the particular grievances referenced in paragraph 46 of the Complaint.

Even if one could interpret the allegation in paragraph 46 of the Complaint as referring to the AFSCME Defendants, it would at most allege an adverse employment action by them; an allegation that the AFSCME Defendants "denied" two specific grievances does not itself allege any wrongdoing by the AFSCME Defendants.

Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint cannot survive a motion to dismiss unless it goes beyond conclusory allegations of wrongdoing and alleges facts that "plausibly suggest an entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), *quoting Iqbal*, 556 U.S. at 681. Plaintiffs' Complaint falls very far from the minimum standard of *Twombly* and *Iqbal*; it does not even make conclusory allegations of wrongdoing by Defendants against Plaintiffs. Therefore, the entire Complaint should be dismissed without prejudice under Rule 12(b)(6).

### IV. Plaintiffs' Complaint Should be Dismissed without Prejudice, as to Defendant Local 3477, because it Alleges no Wrongdoing by Local 3477

In addition, Plaintiffs allege no adverse action and no wrongdoing by Defendant Local 3477, even as to individuals other than the named Plaintiffs. The only specific references to Local 3477 in the Complaint cast it in a favorable light (*See*, *e.g.*, ¶ 20). Therefore, the Complaint should be dismissed under Rule 12(b)(6), without prejudice, as to Local 3477. *McCauley v. City of Chicago*, 671 F.3d at 616.

7

V.  **Plaintiffs' Allegations that Council 31 Committed a Statutory Violation by Failing to Protect Employees From Adverse Employer Actions Should be Stricken with Prejudice**

Plaintiffs repeatedly allege that Council 31, as a labor organization representing a bargaining unit that includes Cook County Juvenile Probation Officers, "failed to protect" employees adversely affected by the Employer and "thus enacted a breach of trust, breach of contract, breach of fiduciary responsibility and under title 7, acted discriminately, with bias and disparate treatment." (See, e.g., Cplt., ¶¶ 7-12). In other words, Plaintiffs believe that their union has an affirmative duty to protect them from discrimination, and that failure to fulfill this duty is in itself a form of illegal disparate-treatment discrimination. However, in *E.E.O.C. v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 661 (7th Cir. 2003), the court rejected the proposition that "unions have an affirmative duty to prevent racial harassment or other forms of unlawful discrimination in the workplace." While this was a 2-1 decision, the dissenting judge stated that "[m]y colleagues may be correct in holding that, as a general rule, unions have no affirmative duty to prevent discrimination in the workplace…." *Pipefitters*, 334 F.3d at 665. She dissented only because of special circumstances in the *Pipefitters* case that are not present here, involving an unusual alleged ability of the union to control working conditions directly. *Id*.

To the extent Plaintiffs are alleging that the AFSCME Defendants breached their duty of fair representation by violating an alleged obligation to protect employees from discrimination, they also misapprehend the applicable law. As Plaintiffs are Illinois public employees, 5 ILCS 315/3(n), employed by an Illinois public employer, 5 ILCS

315/3(o), the AFSCME Defendants' duty of fair representation is governed by the Illinois Public Labor Relations Act, 5 ILCS 315/1 *et seq. Harris v. CTA*, No. 14 C 9106, 2015 WL 5307721 at *3 (N.D. Ill. Sept. 10, 2015). Section 10(b)(1)(ii) of the IPLRA states that "a labor organization or its agents shall commit an unfair labor practice under this paragraph in duty of fair representation cases only by intentional misconduct in representing employees under this Act." 5 ILCS 315/10(b)(1)(ii). Moreover, Plaintiffs' exclusive remedy for any breach by Defendants of their duty of fair representation would be to file a charge with the Illinois Labor Relations Board. *Harris v. CTA*, 2015 WL 5307721 at *3; *Tomas v. State Dep't of Empl. Sec.*, No. 07 C 4542, 2009 WL 2916840, at *3 (N.D.Ill. Sept. 2, 2009).

As Defendants had no affirmative duty to protect members of Plaintiffs' bargaining unit from discrimination by the Employer, the Court should strike, with prejudice, under Rule 12(f), Plaintiffs' repeated allegations that Defendant Council 31 "failed to protect" various employees.[2] It should be made clear to Plaintiffs that a union's mere failure to protect employees against employer discrimination does not in itself constitute actionable discrimination. Also, to the extent the Complaint seeks to allege that the AFSCME Defendants breached their duty of fair representation, that allegation should be dismissed under Rule 12(b)(1). *Harris v. CTA*, 2015 WL 5307721 at *3.

---

[2] Under Fed. R. Civ. P. 12(f), material can be stricken from a complaint under what is essentially a Rule 12(b)(6) standard. *Delta Consulting Group, Inc. v. R. Randle Const. Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

## VI. Plaintiffs' Claims under 42 U.S.C. Section 1983 Should be Dismissed without Prejudice

Plaintiffs make a claim under 42 U.S.C. § 1983, alleging that Defendants "have acted under color of state law when defendants deprived plaintiffs of their federal rights…." (Cplt., ¶ 56). The AFSCME Defendants are not governmental entities, so they can only be liable under Section 1983 if they conspired with the governmental Employer to deprive Plaintiffs of their rights. *Leahy v. Board of Trustees of Community College Dist. No. 508,* 912 F.2d 917, 921-22 (7th Cir.1990). Plaintiffs cursorily allege such a conspiracy in paragraph 57 of the Complaint ("The… discriminatory conduct of all defendants…evidenced the existence of an agreement….") But "a bare allegation of conspiracy" is not enough to survive a motion to dismiss, *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009), especially after *Twombly* and *Iqbal*.

In Count Six of the Complaint, misleadingly titled "*Monell* Claim Against Cook County," Plaintiffs again allege a conspiracy between Council 31 and the Employer, here limited to the issue of discipline (which is not present in the claims of either Plaintiff). The allegations in Count Six, however, are too vague to give Council 31 notice of what it is accused of doing or not doing, and too vague to create a plausible inference of conspiracy under *Twombly* and *Iqbal*. Plaintiffs do not appear to allege that Council 31 *never* contested discipline imposed on African-American juvenile probation officers ("JPOs"). Rather, Plaintiffs allege that Council 31 had the "responsibility to contest and question any imposed discipline against its members including those African American Probation Officers affected," and that Council 31 abdicated this responsibility (Cplt., ¶

10

69). Count Six appears to imply that the alleged failure of Council 31 to contest discipline each and every time an African-American JPO was disciplined is evidence of a conspiracy between Council 31 and the Chief Judge. Obviously, that is not the case. Section 6(d) of the IPLRA states, in part: "Nothing herein shall be construed to limit an exclusive representative's right to exercise its discretion to refuse to process grievances of employees that are unmeritorious." 5 ILCS 315/6(d). Therefore, the Court should dismiss, without prejudice, under Rule 12(b)(6), Plaintiffs' claims under 42 U.S.C. § 1983.

VII. **Plaintiffs' Claim under Title VI Should be Dismissed without Prejudice**

Plaintiffs make a claim under Title VI of the Civil Rights Act of 1964 (Cplt., Count Three, p. 40). However, they do not allege that either of the Defendants has received federal funding. Therefore, the Title VI claim should be dismissed without prejudice under Rule 12(b)(6). *Commodari v. Long Island University*, 89 F.Supp.2d 353, 385 (E.D. NY 2000), *affirmed*, *Commodari v. Long Island University*, 62 Fed.Appx. 28 (2d Cir. 2003).

VIII. **All of Plaintiffs' Class Allegations Should be Dismissed without Prejudice, as Plaintiffs do not Sufficiently Allege that a Class Action Would be Appropriate**

Plaintiffs do not make any allegations (as to numerosity, commonality, typicality, etc.) from which the Court could conclude that a class action would be appropriate under

11

Rule 23. Therefore, any of Plaintiffs' class allegations that are not dismissed with prejudice should be stricken or dismissed without prejudice under Rule 12(b)(6).

### IX. Plaintiffs' Claims Under the Illinois Constitution Should Be Dismissed with Prejudice

In Count Five of their Complaint (Cplt., p. 41), Plaintiffs bring a claim for damages for the asserted violation of the "Due Process, Equal Protection, and No Discrimination in Employment" clauses of the Illinois Constitution (Cplt., ¶ 66). The Due Process and Equal Protection clauses in Article I, Section 2 of the Illinois Constitution do not create a private action for damages in discrimination cases. *Faulkner-King v. Wicks*, 226 Ill.App.3d 962, 966 (1992), *abrog. on other grounds*, *Blount v. Stroud*, 232 Ill.2d 302 (2009). Even if there were a private right of action under Article I, Section 2, it would presumably lie only against governments and officers of government, not private organizations such as Defendants herein.

As to the "No Discrimination in Employment" clause in Article I, Section 17 of the Illinois Constitution, it also does not create a private right of action for damages in discrimination cases. *Faulkner-King v. Wicks*, 226 Ill.App.3d at 967, *abrog. on other grounds*, *Blount v. Stroud*, 232 Ill.2d 302 (2009). Moreover, Article I, Section 17 only limits, in employment discrimination cases, "the hiring and promotion practices of any employer," so it would not in any event create a cause of action against a union that is not sued in its capacity as an employer. Accordingly, the Court should dismiss Plaintiffs' Count Five with prejudice under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the AFSCME Defendants respectfully request that the Court grant its motions and enter an Order:

(1) Dismissing Plaintiffs' entire Complaint without prejudice for failure to provide a short and plain statement of claims, or alternatively requiring a more definite statement;

(2) Dismissing Plaintiffs' class allegations under Title VII;

(3) Dismissing Plaintiffs' entire Complaint without prejudice for failure to allege wrongdoing by the AFSCME Defendants against Plaintiffs;

(4) Dismissing Plaintiffs' Complaint, without prejudice, as to Defendant Local 3477, for failure to allege any wrongdoing by Defendant Local 3477 against either Plaintiffs or the putative class;

(5) Striking, with prejudice, Plaintiffs' allegations that Council 31 committed statutory violations by failing to protect employees from employer discrimination, and dismissing, under Rule 12(b)(1), any claim that the AFSCME Defendants breached their duty of fair representation;

(6) Dismissing, without prejudice, Plaintiffs' claims under 42 U.S.C. § 1983;

(7) Dismissing, without prejudice, Plaintiffs' Claim under Title VI;

(8) Dismissing, without prejudice, all of Plaintiffs' class allegations; and

(9) Dismissing, with prejudice, all of Plaintiffs' claims under the Illinois Constitution.

        Respectfully submitted,

        CORNFIELD AND FELDMAN LLP

December 19, 2017          By:   /s/ Mark S. Stein
                                            Robert A. Seltzer
                                            Mark S. Stein

25 E. Washington St.          Attorneys for AFSCME Council 31
Suite 1400                        and AFSCME Local 3477
Chicago, IL  60602
Phone: 312-236-7800 ext 110
Fax:    312-236-6686

**CERTIFICATE OF SERVICE**

Mark S. Stein, an attorney, hereby certifies that on December 19, 2017, he caused the foregoing document to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/Mark S. Stein_____
Mark S. Stein