UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODIS CHAPMAN, ) | |
| PATRICK NELSON, ) | |
| and A CLASS OF UNKNOWN ) | |
| PERSONS SIMILARLY SITUATED, ) | |
| ) | No. 1:17-cv-08125 |
| Plaintiffs, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| AFSCME COUNCIL 31, LOCAL 3477, ) | |
| and UNKNOWN PERSONS, ) | |
| ) | |
| Defendants. ) | |

**AFSCME DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTIONS FOR ATTORNEY REPRESENTATION**

Defendants AFSCME Council 31 and AFSCME Local 3477 (collectively, "the AFSCME Defendants") submit this memorandum in opposition to the motions for attorney representation (ECF ## 16-17) filed by Plaintiffs Theodis Chapman and Patrick Nelson (hereinafter "Plaintiffs").

**I.  The Court Should Not Appoint Counsel for Plaintiffs under the Trial Bar's Mandatory Pro Bono Program or 28 U.S.C. § 1915**

Plaintiffs have failed to comply with the requirements of the Local Rules of the Northern District of Illinois regarding appointment of counsel. Local Rule 83.36(a) states, in part: "Any application for the assignment of counsel by a party appearing *pro se*

shall be on a form approved by the Executive Committee…. A completed copy of the affidavit of financial status in the form required by LR3.3(a)(2) shall be attached to the application." An affidavit of financial status is not attached to either Plaintiff's motion.

On the form motions filed by Plaintiffs, item 4 requires the movant to check a box declaring either that he has "attached an original Application for Leave to Proceed *In Forma Pauperis* detailing my financial status," or that he has previously filed such an application in this case. Both Plaintiffs failed to check any box in item 4. Both Plaintiffs also failed to check the box for item 8, by which each was required to "declare under penalty of perjury that the foregoing is true and correct."

Local Rule 83.11(g) provides, in part: "Each member of the trial bar shall be available for appointment by the court to represent or assist in the representation of those who *cannot afford* to hire a member of the trial bar." (emphasis added). Thus, the Court cannot appoint counsel under the mandatory *pro bono* program if the clients can afford to hire a member of the trial bar. Similarly, 28 U.S.C. § 1915(e)(1) states: "The court may request an attorney to represent any person unable to afford counsel." Thus, under 28 U.S.C. § 1915(e)(1), the Court cannot request an attorney to represent clients who are able to afford counsel.

These requirements are not discretionary. *Synergy Associates, Inc., v. Sun Biotechnologies, Inc.*, 350 F.3d 681, 684 (7th Cir. 2003). In *Synergy Associates*, the appellate court reversed the mandatory appointment of counsel for several reasons, including that the district court did not completely enforce the financial-need provisions of the Local Rules of the Northern District of Illinois: "[The litigant] filed her *In Forma Pauperis* application and financial affidavit before the court ruled on [the attorney's] motion for relief from appointment. However, the district court did not find that she had

'demonstrate[d] that [she was] without funds to hire an attorney,' but only indicated that she had 'made clear her desire to have counsel appointed for her.'" *Id*. While some aspects of the Local Rules appear to have changed since *Synergy Associates* was litigated, the mandatory *pro bono* program only applied, then as now, to litigants who "cannot afford to hire a member of the trial bar." *Id*. *See also Bridgewater v. United States Government*, No. 13 c 4136, 2013 WL 3894955 at *1 (N.D. Ill. July 26, 2013) (denying application to proceed *in forma pauperis* because, among other reasons, the plaintiffs "failed provide any information in their financial affidavit that would enable the Court to determine whether they are sufficiently impoverished to proceed without full prepayment of filing fees.")

## II. The Court Should Not Appoint Counsel for Plaintiffs Under Title VII

There is a provision in Title VII for the appointment of counsel. 42 U.S.C. § 2000e–5(f)(1) provides, in part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such [Title VII] complainant and may authorize the commencement of the action without the payment of fees, costs, or security." One of several factors that courts must consider before appointing counsel under Title VII is "the plaintiff's financial ability to retain counsel," *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986). "[I]t is the plaintiff who must provide the court with [the] information" necessary to make its decision, *Id*. at 501, which of course Plaintiffs here have not done.

3

In *Finley v. Aurora Housing Authority*, No. 92 C 5392, 1992 WL 293296 (N.D. Ill. Oct. 13, 1992), the court refused to act on the plaintiff's request for appointment of counsel under Title VII because the plaintiff had not "set out the *facts* that support his conclusory statement that he is unable to retain counsel." *Finley*, 1992 WL 293296 at *1 (original emphasis). In *DeFalco v. Oak Lawn Public Library*, No. 99 C 2137, 2000 WL 528529 (N.D. Ill. April 24, 2000), the Magistrate Judge denied the plaintiff's request for appointment of counsel under Title VII because the plaintiff, while unemployed, had approximately $29,000 in the bank and no debts, and while the plaintiff had unsuccessfully attempted to persuade attorneys to take his case on a contingency basis, he had not offered to pay them. *DeFalco*, 2000 WL 528529 at 2-3. It appears that the Magistrate's report in *DeFalco* was adopted by the Judge, though there is no published decision so stating.

Even apart from Plaintiffs' failure to provide the Court with financial information, they should not receive appointed counsel under Title VII because they have asserted a number of claims that are not Title VII claims, including claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and the Illinois Constitution.

### III. The Financial-Need Prerequisites Are Especially Important Under Fee-Shifting Statutes

It is especially important for the Court to enforce the financial-need prerequisites of the Local Rules and Title VII in employment cases, such as this one, that are brought under fee-shifting statutes. The undersigned attorneys represent that their firm has taken many employment-law cases on a completely contingent or partially contingent basis,

4

because of the availability of court-awarded fees. They further represent that their firm has declined to represent many potential clients where the client's case did not seem meritorious.

"The function of an award of attorney's fees is to encourage the bringing of meritorious ... claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). However, it is contrary to the policy of the federal fee-shifting statutes "to provide attorneys with the same incentive to bring relatively meritless claims as relatively meritorious ones." *City of Burlington v. Dague*, 505 U.S. 557, 563 (1992). . If an appointed lawyer for employment cases were an entitlement in the Northern District of Illinois, regardless of the plaintiff's financial status, it would encourage the filing of relatively meritless employment claims. That would be unfair to defendants, as the prospect of facing a fee award increases the nuisance value of even relatively meritless claims to an enormous extent. It would also be unfair to members of the trial bar, who would be forced to represent many more clients with relatively meritless claims.

## CONCLUSION

Plaintiffs' failure to provide the required financial information should result in the denial of their motions. As collective-bargaining representatives of the bargaining unit in which Plaintiffs work, the AFSCME Defendants are aware of the salaries earned by bargaining-unit members. The AFSCME Defendants have not provided this information to the Court because it is the Plaintiffs' burden to provide the required financial

information as to their financial status. However, if at any point the Court is inclined to appoint counsel for Plaintiffs without requiring financial information from Plaintiffs, the AFSCME Defendants would request that they first be allowed to inform the Court what salaries the Plaintiffs are earning as Juvenile Probation Officers.

For the reasons stated above, the AFSCME Defendants respectfully request that this Court deny Plaintiffs' motions for attorney representation.

Respectfully submitted,

CORNFIELD AND FELDMAN LLP

January 11, 2018                                By:     /s/ Mark S. Stein
                                                        Robert A. Seltzer
                                                        Mark S. Stein

25 E. Washington St.                            Attorneys for AFSCME Council 31
Suite 1400                                      and AFSCME Local 3477
Chicago, IL 60602
Phone: 312-236-7800 ext 110
Fax:    312-236-6686

**CERTIFICATE OF SERVICE**

Mark S. Stein, an attorney, hereby certifies that on January 11, 2018, he caused the foregoing document to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/Mark S. Stein_____
Mark S. Stein