## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THEODIS CHAPMAN, | ) | |
| PATRICK NELSON, | ) | |
| and A CLASS OF UNKNOWN | ) | |
| PERSONS SIMILARLY SITUATED, | ) | |
| | ) | No. 1:17-cv-08125 |
| Plaintiffs, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| AFSCME COUNCIL 31, LOCAL 3477, | ) | |
| and UNKNOWN PERSONS, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL STATUS REPORT OF AFSCME DEFENDANTS

In an email dated February 16, 2018, the undersigned attorney for Defendants AFSCME Council 31 and AFSCME Local 3477 ("the AFSCME Defendants") sent to Plaintiffs Theodis Chapman and Patrick Nelson ("Plaintiffs") a draft joint status report. This email was sent to both of the email addresses contained in the Complaint, one of which is also the email address used by Plaintiffs for the Court's electronic filing system. Neither Plaintiff made any response to this email. Accordingly, the AFSCME Defendants now file their own initial status report.

1.  <u>Attorneys of record</u>

Plaintiffs are currently Pro Se.

The AFSCME Defendants are represented by Robert A. Seltzer (trial attorney) and Mark S. Stein, Cornfield and Feldman LLP (contact information below).

2. <u>Basis for federal jurisdiction</u>

42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343, 1367

3. <u>Nature of claims asserted and any expected counterclaim</u>

Plaintiffs bring their Complaint on behalf of themselves and a putative class of African-American Cook County Juvenile Probation Officers. In Counts 1-4 of their Complaint, Plaintiffs claim race discrimination by their union (the AFSCME Defendants), in violation of federal civil rights laws. In Counts 2 and 6 of their Complaint, Plaintiffs claim that the AFSCME Defendants acted in collusion with the employer of Plaintiffs and the putative class, the Chief Judge of the Circuit Court of Cook County ("the Employer"), to discriminate on the basis of race in violation of 42 U.S.C. § 1983. In Count V of their Complaint, Plaintiffs make claims under the Illinois Constitution that are related to or similar to the federal claims in their Complaint.

4. <u>Parties not yet served</u>

In addition to the named AFSCME Defendants, Plaintiffs list "unknown persons" as Defendants.

5. <u>Principal legal issues</u>

A number of legal issues are raised in the AFSCME Defendants' Motion to Strike and Dismiss (ECF #12) and accompanying memorandum of law (ECF # 13), including whether Plaintiffs sufficiently allege actionable wrongdoing by the AFSCME Defendants, and whether the AFSCME Defendants had an affirmative duty to protect members of Plaintiffs' bargaining unit from unlawful discrimination by the Employer. In addition, there are numerous legal issues under Fed. R. Civ. P. 23 that bear on whether

the Court should certify or decline to certify a class. The AFSCME Defendants plan to file an early motion to deny class certification.

      6. <u>Principal factual issues</u>

Did either of the AFSCME Defendants act adversely to either of the Plaintiffs and, if so, in what respect?

Did either of the AFSCME Defendants discriminate against either of the Plaintiffs on the basis of race?

Did either of the AFSCME Defendants act adversely to any other members of the putative class and, if so, in what respect?

Did either of the AFSCME Defendants discriminate against any other members of the putative class on the basis of race?

Did either of the AFSCME Defendants act in collusion with the Employer to discriminate against Plaintiffs and/or other members of the putative class on the basis of race?

      7. <u>Jury trial</u>

Plaintiffs have demanded a jury trial.

      8. <u>Discovery undertaken and anticipated</u>

The Court has ordered that "Prior to the Initial Status Hearing, the Parties are to exchange initial disclosures" under Fed. R. Civ. P. 26(a)(1) (ECF # 7, Minute Order of 11/14/17). Defendants plan to comply with this Order.

Defendants plan to take discovery of Plaintiffs, including taking their depositions. Defendants also plan to take discovery of Jason Smith, former president of AFSCME Local 3477, as Defendants believe Mr. Smith retains property of AFSCME Local 3477

3

that is relevant to this case. Defendants may also take discovery of the Employer and of individuals mentioned in the Complaint. Defendants will probably take additional discovery if their motion to deny class certification is denied.

As Plaintiffs are currently proceeding pro se, and in view of the possibility that some or all of Plaintiffs' Complaint will be dismissed with leave to re-plead, Defendants believe that the discovery cutoff date should be no earlier than May 1, 2019. In *Jordan et al. v. Chief Judge of the Circuit Court of Cook County, Illinois et al.*, No. 1-15-cv-05907 ("*Jordan v. Chief Judge*"), the putative class action against the Employer in which Plaintiffs herein are two of the named plaintiffs, discovery was still being conducted more than two years after the filing of the initial complaint (*Jordan v. Chief Judge*, ECF # 94, Minute Order of 09/27/17). The plaintiffs in that case are represented by attorneys.

Defendants have not proposed intermediate deadlines prior to the discovery cutoff date, such as a deadline for serving initial written discovery requests, because Defendants may take Plaintiffs' depositions before serving written discovery, or may take discovery of third parties before taking discovery of Plaintiffs.

9. Trial

Defendants plan to file a motion for summary judgment at the end of discovery. If this motion is denied, Defendants believe they will be ready for trial within four months thereafter.

Defendants estimate that a trial will take three days if a class has not been certified and ten or more days if a class has been certified.

10. Magistrate Judge

Defendants do not consent to proceed before the Magistrate Judge.

11.  <u>Settlement</u>

The AFSCME Defendants are not prepared to make a settlement offer and are not interested in attending a settlement conference.

Respectfully submitted,

CORNFIELD AND FELDMAN LLP

February 23, 2018                             By: ____/s/ Mark S. Stein____
                                              Robert A. Seltzer
                                              Mark S. Stein

25 E. Washington St.                 Attorneys for Defendants AFSCME Council 31
Suite 1400                           and AFSCME Local 3477
Chicago, IL  60602
Phone: 312-236-6640 (Seltzer), 312-236-7800 ext 110 (Stein)
Fax:    312-236-6686
rseltzer@cornfieldandfeldman.com
mstein@cornfieldandfeldman.com

**CERTIFICATE OF SERVICE**

Mark S. Stein, an attorney, hereby certifies that on February 23, 2018, he caused the foregoing document to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/Mark S. Stein_____
Mark S. Stein