

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODIS CHAPMAN, PATRICK NELSON, and A CLASS OF UNKNOWN PERSONS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> AFSCME COUNCIL 31, LOCAL 3477, and UNKNOWN PERSONS, <br><br> Defendants. | No. 1:17-cv-08125 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Susan E. Cox |

**JOINT INITIAL STATUS REPORT**

FILED
FEB 26 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1. <u>Attorneys of record</u>

Plaintiffs Theodis Chapman and Patrick Nelson ("Plaintiffs") are currently Pro Se (contact information below).

Defendants AFSCME Council 31 and AFSCME Local 3477 ("the AFSCME Defendants") are represented by Robert A. Seltzer (trial attorney) and Mark S. Stein, Cornfield and Feldman LLP (contact information below).

2. <u>Basis for federal jurisdiction</u>

42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343, 1367

3. <u>Nature of claims asserted and any expected counterclaim</u>

Plaintiffs bring their Complaint on behalf of themselves and a putative class of African-American Cook County Juvenile Probation Officers. In Counts 1-4 of their Complaint, Plaintiffs claim race discrimination by their union (the AFSCME

Defendants), in violation of federal civil rights laws. In Counts 2 and 6 of their Complaint, Plaintiffs claim that the AFSCME Defendants acted in collusion with the employer of Plaintiffs and the putative class, the Chief Judge of the Circuit Court of Cook County ("the Employer"), to discriminate on the basis of race in violation of 42 U.S.C. § 1983. In Count V of their Complaint, Plaintiffs make claims under the Illinois Constitution that are related to or similar to the federal claims in their Complaint.

4. <u>Parties not yet served</u>

In addition to the named AFSCME Defendants, Plaintiffs list "unknown persons" as Defendants.

5. <u>Principal legal issues</u>

A number of legal issues are raised in the AFSCME Defendants' Motion to Strike and Dismiss (ECF #12) and accompanying memorandum of law (ECF # 13), including whether Plaintiffs sufficiently allege actionable wrongdoing by the AFSCME Defendants, and whether the AFSCME Defendants had an affirmative duty to protect members of Plaintiffs' bargaining unit from unlawful discrimination by the Employer. In addition, there are numerous legal issues under Fed. R. Civ. P. 23 that bear on whether the Court should certify or decline to certify a class. The AFSCME Defendants plan to file an early motion to deny class certification.

6. <u>Principal factual issues</u>

Did either of the AFSCME Defendants act adversely to either of the Plaintiffs and, if so, in what respect?

Did either of the AFSCME Defendants discriminate against either of the Plaintiffs on the basis of race?

Did either of the AFSCME Defendants act adversely to any other members of the putative class and, if so, in what respect?

Did either of the AFSCME Defendants discriminate against any other members of the putative class on the basis of race?

Did either of the AFSCME Defendants act in collusion with the Employer to discriminate against Plaintiffs and/or other members of the putative class on the basis of race?

7. Jury trial

Plaintiffs have demanded a jury trial.

8. Discovery undertaken and anticipated

The Court has ordered that "Prior to the Initial Status Hearing, the Parties are to exchange initial disclosures" under Fed. R. Civ. P. 26(a)(1) (ECF # 7, Minute Order of 11/14/17). Defendants plan to comply with this Order. Plaintiffs also plan to comply with this Order.

Defendants may also take discovery of Plaintiffs, including taking their depositions. Defendants may also take discovery of the Employer and of individuals mentioned in the Complaint. Defendants will probably take additional discovery if their motion to deny class certification is denied.

Plaintiffs may also plan the following discovery: Plaintiffs Theodis Chapman and Patrick Nelson may also take discovery of Defendants AFSCME Council 31 (Scott Miller, Eugene Boatright, Tom Edstrom, Maggie Laurence, Joe Bella) and AFSCME Local 3477(Jason Smith-Past President [2014-2016], Lloyd Marshall- Current President [2016], Steve Kysperski, Marty Gleason, Sam Johnson, Russel Akis) including taking their depositions. Plaintiffs may also take discovery of other current

3

and past litigants vs. AFSCME i.e, Mark Janus, and Tonnette Jones; and the Employer and of individuals mentioned in the Complaint. Plaintiffs will probably take additional discovery if their motion to class certification is accepted. Plaintiffs may also take discovery from defendant's AFSCME Council 31, Local 3477 through interrogatories, for the purpose of clarification of matters of fact and as a determinant to what facts will be presented if necessary and granted at trial in the case. Plaintiffs plan to obtain evidence from the Defendants by means of discovery through request for answers to interrogatories, request for production of documents, request for admissions and depositions. Plaintiffs would hope to avoid obtaining evidence by way of subpoenas. The Court has ordered that "Prior to the Initial Status Hearing, the Parties are to exchange initial disclosures" under Fed. R. Civ. P. 26(a)(1) (ECF # 7, Minute Order of 11/14/17). Plaintiffs plan to comply with this Order. Defendants also plan to comply with this Order. In the event discovery requested is objected to by the Defendant, Plaintiffs may also seek the assistance of the court by the filing of a motion to compel discovery. These and all other proceedings are subject to modification(s), contingent upon what discovery shows.

      As Plaintiffs are currently proceeding pro se, and in view of the possibility that some or all of Plaintiffs' Complaint will be dismissed with leave to re-plead, the parties believe that the discovery cutoff date should be no earlier than May 1, 2019. In *Jordan et al. v. Chief Judge of the Circuit Court of Cook County, Illinois et al.*, No. 1-15-cv-05907 ("*Jordan v. Chief Judge*"), the putative class action against the Employer in which Plaintiffs herein are two of the named plaintiffs, discovery was still being conducted more than two years after the filing of the initial complaint (*Jordan v. Chief Judge*, ECF # 94, Minute Order of 09/27/17). The plaintiffs in that case are represented by attorneys.

The parties have not proposed intermediate deadlines prior to the discovery cutoff date, such as a deadline for serving initial written discovery requests, because the AFSCME Defendants may take Plaintiffs' depositions before serving written discovery, or may take discovery of third parties before taking discovery of Plaintiffs.

9. Trial

The AFSCME Defendants plan to file a motion for summary judgment at the end of discovery. If this motion is denied, the parties believe they will be ready for trial within four months thereafter.

The parties estimate that a trial will take three days if a class has not been certified and ten or more days if a class has been certified.

10. Magistrate Judge

The parties do not unanimously consent to proceed before the Magistrate Judge.

11. Settlement

The AFSCME Defendants are not prepared to make a settlement offer and are not interested in attending a settlement conference. Plaintiffs are prepared and open throughout these proceedings to enter into settlement offer for the purpose of resolving the matter amicably with prejudice.

Respectfully submitted,

Plaintiff Theodis Chapman

February 22, 2018  By:   /s/Theodis Chapman
Theodis Chapman, Pro Se

2433 W. Washburne
Chicago, IL 60608
708-813-3294
tchapasu97@aol.com

Plaintiff Patrick Nelson

February 22, 2018  By:   /s/Patrick Nelson
Patrick Nelson

2433 W. Washburne
Chicago, IL 60608
708-989-1676
mrpatricknelson@gmail.com