UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODIS CHAPMAN and ) <br> PATRICK NELSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AFSCME COUNCIL 31, LOCAL 3477, ) <br> ) <br> Defendants. ) | No. 1:17-cv-08125 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Susan E. Cox |

**MEMORANDUM IN SUPPORT OF AFSCME DEFENDANTS' MOTION TO STAY PROCEEDINGS OR, ALTERNATIVELY, TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants AFSCME Council 31 and AFSCME Local 3477 ("Defendants" or "the AFSCME Defendants") submit this memorandum in support of their motion to stay proceedings or, alternatively, to dismiss the Second Amended Complaint (ECF # 51) of Plaintiffs Theodis Chapman and Patrick Nelson ("Plaintiffs") under Rules 12(b)(6), 8(a), 10(b), 41(b) and 9(b) of the Federal Rules of Civil Procedure.

**I.    The Case Should Be Stayed Because Of A Related Pending Federal Case That Is Substantially Likely To Resolve Key Issues In This Case**

More than two years before filing this lawsuit, Plaintiffs and two other individuals filed a lawsuit alleging race discrimination and retaliation by their employer, the Chief

Judge of the Circuit Court of Cook County ("Chief Judge" or "Employer"). That case, *Jordan et al. v. Chief Judge of the Circuit Court of Cook County, Illinois et al.*, No. 1:15-cv-05907 ("*Jordan v. Chief Judge*" or "*Jordan*"), is being heard by Judge Sara Ellis. Discovery is completed in *Jordan*, and Judge Ellis has set a briefing schedule on cross-motions for summary judgment, with a ruling date of January 23, 2019 (*Jordan*, ECF # 106, Minute Order of July 25, 2018). The plaintiffs in *Jordan* are represented by an attorney. The AFSCME Defendants are not defendants in that case.

This case presents many of the same issues as are presented in *Jordan*, and resolution of those issues in *Jordan* is likely to resolve them also in this case. In *Jordan*, the plaintiffs allege that the Employer violated the rights of Plaintiffs Chapman and Nelson by transferring them out of their positions (*Jordan,* ECF # 55, 2d Am. Compl., ¶¶ 69-71) and by denying them compensation for out-of-state training (*Jordan,* ECF # 55, 2d Am. Compl., ¶ 68). In this case, Plaintiffs make essentially the same allegations of unlawful treatment by their employer with respect to their transfers (ECF # 51, 2d Am. Compl., ¶¶ 16, 18, 20-22, 25) and denial of compensation for out-of-state training (ECF # 51, 2d Am. Compl., ¶ 23).

As to one matter, Plaintiffs make allegations in this case that are contradicted by their allegations in *Jordan*. In this case, Plaintiffs blame the AFSCME Defendants for the settlement of discharge grievances through the use of "last chance agreements" in which the union obtains reinstatement for the employee in exchange for the agreement of the union and the employee that any further infraction will result in discharge not subject to the grievance procedure (ECF # 51, 2d Am. Compl., pp. 7-8 ¶ 33(v)). The AFSCME Defendants consider this allegation to be irrelevant, as neither Plaintiff signed a last

2

chance agreement or indeed was disciplined. Nevertheless, it is noteworthy that in *Jordan*, the plaintiffs (including these Plaintiffs) allege that certain African-American employees who were unfairly disciplined by the Chief Judge signed last chance agreements *against* "the Union's pleas" or "against the advice of the Union" (*Jordan*, ECF No. 55, 2d Am. Compl., ¶ 46, p. 14).

Even beyond the specific allegations made in the two cases, Plaintiffs appear to take the position in this case that the AFSCME Defendants had something like a strict-liability obligation to prevent the Employer from discriminating against them or violating any of the provisions of the applicable collective bargaining agreement. (*See, e.g.*, ECF # 51, 2d Am. Compl., ¶¶ 14, 33, 42, 50, 53, 58, 67). AFSCME disagrees with Plaintiffs' view of the law, but in any event, if it is determined in *Jordan* that any or all of the Plaintiffs' claims against the Employer are without merit, the Plaintiffs' claims that the AFSCME Defendants are liable for failing to protect the Plaintiffs from Employer misconduct would also fall away.

Regardless of whether and how this Court addresses Plaintiffs' legal theories, allegations of employer discrimination and mistreatment are so prominent in this case, as illustrated by Plaintiffs' Second Amended Complaint, that the resolution of *Jordan* is likely to simplify the issues in this case. Moreover, even if Judge Ellis does not grant summary judgment to either party on any claim in *Jordan*, her opinion is reasonably likely to establish facts relevant to this case.

The AFSCME Defendants accordingly request that this Court stay this case pending resolution of *Jordan*. Alternatively, the AFSCME Defendants request that this

Court stay this case pending Judge Ellis' ruling on cross-motions for summary judgment in *Jordan*, with the parties here to appear for status thereafter.

A federal court has inherent discretion to stay its proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Courts often consider the following factors when deciding whether to stay an action: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Grice Eng'g, Inc. v. JG Innovs., Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

Here, the litigation is at an early stage. Plaintiffs will not be unfairly prejudiced by a stay, especially since the *Jordan* case is so much farther advanced than this one.[1] A stay is likely to simplify the issues, streamline any trial, and reduce the burden of litigation on the parties and on the court.

When related cases are pending in two federal courts, each of those courts has the power to stay the proceedings before it in deference to the related action. *GE Business Financial Services Inc. v. Spratt*, No. 08 C 6504, 2009 WL 1064608 at *1 (N.D. Ill. April 20, 2009). In such a circumstance, the federal court has far more discretion than in deciding whether to grant a stay in deference to a state case. *Id.* at *2. "[T]he movant

---

[1] However, because the *Jordan* case is so much farther advanced, it would not be appropriate to transfer this case to Judge Ellis. A transfer would also be inappropriate because it does not appear that the two first-named plaintiffs in *Jordan* consider the AFSCME Defendants to be adverse to them, in light of various actions the AFSCME Defendants have taken on their behalf. By contrast, Plaintiffs herein do consider the AFSCME Defendants to be adverse to them (despite the actions the AFSCME Defendants have taken on their behalf).

need not demonstrate compelling need for a stay, ... it must demonstrate merely that the stay is appropriate." *Id*. (quoting *DeVona v. City of Providence*, 652 F.Supp. 683, 686 (D.R.I.1987)). For the reasons set forth above, a stay is clearly appropriate here.

## II. Plaintiffs' Second Amended Complaint Should Be Dismissed For Failure To Meet Minimum Pleading Standards

In the alternative, the AFSCME Defendants move to dismiss Plaintiffs' Second Amended Complaint (ECF #51) under Rules 12(b)(6), 8(a), 10(b), 41(b) and 9(b) of the Federal Rules of Civil Procedure. Like their initial Complaint, Plaintiffs' Second Complaint does not provide a "short and plain statement" of their claims, in violation of Rule 8(a). Plaintiffs likewise fail to comply with Rule 10(b), which states, in part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances…. If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count or defense." Plaintiffs also fail to comply with this Court's Order (ECF # 35) dismissing their initial Complaint, and they do not plead fraud with particularity, in violation of Rule 9(b).

Plaintiff's Count I is titled "Defendants discriminated against the Plaintiffs through voluntary actions in violation of the CBA (constitution) the defendants have with the plaintiffs." (ECF # 51, p. 6). This allegation is immediately ambiguous, because a CBA (collective bargaining agreement) is not the same thing as a constitution.

Plaintiffs next allege that the Court has jurisdiction over Plaintiffs' claims under Title VII of the Civil Rights Act of 1964 and other provisions (ECF # 51, ¶ 30), and that

5

their claim is brought under a number of statutory and constitutional provisions, including Title VI of the Civil Rights Act of 1964 and the Illinois Constitution (ECF # 51, ¶ 32).

Plaintiffs next allege that Defendants committed "fraud" (ECF # 51, ¶ 33) "by concealing what should have been disclosed regarding the parts and provisions of the contract the defendants would not honor." There is no allegation of what those provisions are. In paragraph 40, Plaintiffs allege that Defendants had an obligation under the contract not to discriminate, but it seems (though it is not obvious) that Plaintiffs believe Defendants violated other, unspecified provisions of the CBA.

In paragraph 33(v) (paragraph 33 extends over two pages of the Second Amended Complaint), Plaintiffs allege that Defendants conspired with the Employer by, among other things working "with management to create something called a last chance agreement." (ECF #51, p. 8). There is no allegation that Plaintiffs entered into a last chance agreement, and as noted, Plaintiffs' allegations here contradict their allegations in the *Jordan* case.

In paragraph 33(vi), Plaintiffs allege that the Labor Management Reporting and Disclosure Act ("LMRDA") "gives us the right to sue" (ECF #51, p. 8). It is unclear what, if any, claim they make under the LMRDA.

In paragraph 41, Plaintiffs allege that Defendants committed "bait and switch" through the "advertising of a collective bargaining agreement that was supposed to protect the Plaintiff from job hazards that the employer and/or his designees may create in the course of their employment." Also in paragraph 41, Plaintiffs rely on the Railway Labor Act and its duty of fair representation (ECF #51, p. 10).

All of the foregoing allegations are contained within Count I of Plaintiffs' Second Amended complaint. Clearly, Count I does not provide a "short and plain statement" of Plaintiffs' claims, in violation of Rule 8(a). Further, in violation of Rule 10(b), Plaintiffs' numbered paragraphs are not "each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence" is not stated in a separate count, even though doing so would be practicable.

This case is similar to *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013), where the court affirmed a dismissal under Rules 8(a) and 10(b). As here, one claim in the complaint in *Beyrer* asserted "at least five separate causes of action," *Id*. at 947, and the complaint took a "kitchen sink approach to pleading." *Id*.

Of particular note here is Plaintiffs' reliance on Title VI of the Civil Rights Act of 1964 and the Illinois Constitution. In their initial Complaint, Plaintiffs made claims under Title VI (ECF # 1, Count Three) and the Illinois Constitution (ECF # 1, Count Five). These counts were dismissed without prejudice in the Court's Order of April 24, 2018 (ECF # 35). Although the dismissal was without prejudice, Defendants submit that the perfunctory, "kitchen sink" inclusion of these claims in the Second Amended Complaint is inconsistent with that Order.

Counts II through IX of Plaintiffs' Second Amended Complaint are also quite confusing. Most of these counts contain at least two different claims. Some of them are labeled in such as way as to assert claims that are not recognizable under either federal or state law, including Count VIII ("Moral Hazard") and Count IX ("Deceptive Practices")

In violation of Rule 9(b), Plaintiffs have also failed to plead fraud with particularity in Count I and (to the extent they allege fraud) Counts VII and IX.

As this is Plaintiffs' third attempt, Defendants request that the Court dismiss their Second Amended Complaint with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter an Order staying these proceedings pending the resolution of *Jordan et al. v. Chief Judge of the Circuit Court of Cook County, Illinois et al.*, No. 1:15-cv-05907 (Northern District of Illinois). Alternatively, Defendants request that the Court stay these proceedings pending a ruling in *Jordan* on cross-motions for summary judgment. Alternatively, Defendants request that the Court dismiss Plaintiffs' Second Amended Complaint for failure to meet minimum pleading standards.

                                                Respectfully submitted,

                                                CORNFIELD AND FELDMAN LLP

August 22, 2018                      By:    /s/ Mark S. Stein
                                                      Robert A. Seltzer
                                                      Mark S. Stein

25 E. Washington St.            Attorneys for AFSCME Council 31
Suite 1400                           and AFSCME Local 3477
Chicago, IL 60602
Phone: 312-236-7800 ext 110
Fax:   312-236-6686

**CERTIFICATE OF SERVICE**

Mark S. Stein, an attorney, hereby certifies that on August 22, 2018, he caused the foregoing document to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/Mark S. Stein_____
Mark S. Stein